UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                       Case No.: 8:19-cr-538-WFJ-SPF

FIDEL ANDRES KOHEN
MORALES
_____/

# ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Fidel Andres Kohen Morales, USM#: 73001-018, moves (Dkt. 154) unopposed for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On September 23, 2020, Fidel Andres Kohen Morales was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) to 70 months. Fidel Andres Kohen Morales's total offense level was 27. He was assessed no criminal history points, and his criminal history was category I.  Mr. Kohen Morales's advisory sentencing range was 70–87 months, and he received a sentence at the bottom of the advisory range.  The Bureau of Prisons reports that his projected release is November 17, 2024.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Fidel Andres Kohen Morales is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 25 and reduces his advisory sentencing range to 57–71.  The Federal Defender appears, confirms Fidel Andres Kohen Morales's eligibility for a reduction, and moves unopposed to reduce his sentence to 57 months (a 13-month reduction in sentence).

The Court exercises its discretion to deny any reduction.  The 18 U.S.C. § 3553(a) factors suggest denial is appropriate.  This was a large Colombian marine smuggling venture.  The crew obstructed the arrest by discharging the contraband over 12 miles in the ocean.  Dkt. 117 at 5–6.  The Coast Guard had to shoot out the engine of the Movant's boat to stop escape.  But for the obstruction, much more than the 15 kilograms Movant was responsible for would have been seized.  Movant benefitted by this obstruction.  *Id*. at 7 ¶ 24.  The public safety and need to assess the true nature of the offense require this denial of the motion.

Mr. Kohen Morales's motion (Dkt. 154) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 3, 2024.

*[signature]*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE